**Maria R. GAMEZ, Plaintiff,**

v.

**COUNTRY COTTAGE CARE & REHAB., Defendant.**

**No. CIV. 04–0719 JB/WCS.**

United States District Court, D. New Mexico.

Jan. 7, 2005.

Maria R. Gamez, Hobbs, NM, Kevin J. Hanratty, Hanratty Law Firm, Artesia, NM, for Plaintiff.

Duane C. Gilkey, Carol Dominguez Shay, Gilkey and Stephenson, P.A., Albuquerque, NM, for Defendant.

## MEMORANDUM OPINION AND ORDER

BROWNING, District Judge.

**THIS MATTER** comes before the Court on Kevin J. Hanratty's Motion to Withdraw, filed December 13, 2004 (Doc. 17). The Court held a hearing on this motion on December 29, 2004. The primary issue is whether the Court should allow Hanratty, Plaintiff Marie R. Gamez' counsel, to withdraw over Defendant Silverstone Healthcare of Hobbs, LLC, d/b/a Country Cottage Care & Rehabilitation's ("Country Cottage") objections. Consistent with, and in addition to, the reasons that the Court stated on the record at the hearing on this motion, and because the Court is satisfied that there has recently developed a substantial breakdown in communication and confidence between attorney and client, which materially impedes Hanratty's ability to further represent Gamez, the Court will grant Hanratty's motion and permit him to withdraw his appearance as attorney of record.

## PROCEDURAL BACKGROUND

Hanratty moves the Court for an order allowing him to withdraw his appearance as attorney of record for Gamez. Hanratty advises Gamez through this motion that she must obtain counsel. Country Cottage opposes this motion.

Hanratty's motion states that objectors must serve and file their objections within fourteen calendar days from the date of service of the motion and warns that failure to object constitutes consent to grant the motion. Hanratty served his motion on December 8, 2004. Gamez has not filed an objection.

## LAW ON WITHDRAWAL OF COUNSEL

■ The Court has wide discretion in granting or denying an attorney's motion to withdraw representation. *See Abell v. Babbitt,* 176 F.3d 4881999 WL 215403, *2 (10th Cir.1999)(unpublished decision)(quoting *Washington v. Sherwin Real Estate, Inc.,* 694 F.2d 1081, 1087 (7th Cir. 1982)("The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion.")). The local civil rules provide that an attorney may file a contested motion to withdraw, but "[t]he attorney must file and serve on all parties, including the client, a motion to withdraw. The attorney must give notice in the motion that objections must be served and filed within fourteen (14) calendar days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." D.N.M.LR–Civ. 83.8(b).

Hanratty filed his motion four days after the termination date for discovery, one month before the deadline for filing pretrial motions, and approximately six weeks before the scheduled settlement conference. *See* Initial Pretrial Report, filed August 4, 2004 (Doc. 8); Order Setting

Settlement Conference, filed August 9, 2004 (Doc. 9).

### *ANALYSIS*

■ Country Cottage contests Hanratty's motion to withdraw, asserting with some justification that allowing Hanratty to withdraw at this late stage in the litigation will prejudice Country Cottage and may result in unnecessary delay in resolving this case. While Hanratty's motion was somewhat vague as to the problem, at the hearing on this motion, he clarified that there was a serious breakdown in the attorney-client relationship.[1] It is in Gamez' best interest, and in her case's best interest, that she retain new counsel. The Court believes that her needs and interests in preparing her case substantially outweigh any prejudice to Country Cottage. It would be better to address any issues related to a future motion to extend or reopen discovery at the time that any motion is filed rather than deny Gamez an attorney of her choice and with whom she can effectively work in the prosecution of her case.

Gamez has ten days from the date of the hearing to obtain new counsel or she is deemed to be representing herself *pro se* in this case.

**IT IS ORDERED** that the Motion to Withdraw is granted and Kevin J. Hanratty is allowed to withdraw as counsel for Plaintiff Marie R. Gamez. All further communication with Gamaz concerning this case should be addressed to:

Maria Gamez

1612 North Chama Street

Hobbs, New Mexico 88240

---

1. At the hearing, Hanratty also represented that Gamez does not contest this motion. *See* Transcript of Hearing 3:21—4:2 (taken December 29, 2004).

(505) 397–6458

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.